# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> ARMANDO VILLAREAL-HEREDIA, <br> Defendant. | CASE NO. 10CR3044 WQH <br><br> ORDER |

Hayes, Judge:

The matter before the Court is the notice of motions filed by the Defendant Armando Villareal-Heredia. (ECF No. 1934)[1].

On December 22, 2011, the federal grand jury returned a second superseding indictment charging the Defendant Armando Villareal-Heredia in Count One with conspiring to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) and in Count Two with conspiring to distribute cocaine, marijuana and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii) and 846. (ECF No. 1193).[2]

---

[1] Motion No. 1877 requested joinder in prior motions already ruled upon and has been refiled as ECF No. 1934.

[2] The second superseding indictment charges forty-three defendants in Count One and twenty-nine defendants in Count 2. The case is currently closed against 32 of the defendants.

On May 23, 2012, Defendant Armando Villareal-Heredia was arrested.

On June 6, 2012, the Government produced discovery to counsel for the Defendant Armando Villareal-Heredia.

Trial is currently scheduled to begin on October 22, 2013.

1. Dismiss Count One for failure to allege necessary elements

Defendant moves to dismiss Count One on the grounds that the indictment fails to allege all necessary elements. Defendant asserts that the indictment improperly alleges a listing of various state and federal statutes as predicate offenses but fails to allege each element of each of these predicate offenses. (ECF No. 11-12). The Government contends that the Second Superseding Indictment alleges the necessary elements of the racketeering conspiracy charged in Count One. The Government asserts that the indictment is not required to allege the elements of the state and federal law violations that constitute the predicate offenses.

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004). Count One of the Second Superseding Indictment alleges in part that the Defendants "did knowingly and intentionally conspire with each other, and with other persons, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity involving multiple acts indictable under State and punishable by imprisonment for more than one year and the following provision of federal law: a. California Penal Code, Section 31 and 187(a) (murder and aiding and abetting murder...". (ECF No. 1193 at 11). The Indictment goes on to list an additional eight state law statutes and six federal law statutes, including kidnaping, robbery, importation of controlled substances, distribution of controlled substances, and money laundering.

1  The Court concludes that the Second Superseding Indictment alleged the essential
2  racketeering conspiracy elements.  There is no requirement that the indictment allege
3  each of the elements of the state and federal law violations that constitute the predicate
4  offenses.

5  Defendant's motion to dismiss Count One for failure to allege necessary elements
6  is denied.

7  2. <u>Motion to strike surplusage</u>

8  Defendant moves the Court for an order to strike surplusage from the Second
9  Superseding Indictment on the grounds that certain paragraphs contain allegations of
10  overt acts not relevant to the charge against him.  The Government asserts that the
11  allegations in the indictment describe the Defendant's criminal conduct and pertain to
12  the structure and methods of the criminal enterprise.

13  Rule 7(d) of the Federal Rules of Criminal Procedure provides that the "court
14  may strike  surplusage from the indictment...." Fed. R. Crim P. 7(d).  "The purpose of
15  a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against
16  prejudicial or inflammatory allegations that are neither relevant nor material to the
17  charges."  *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (quotation
18  omitted).  The Court concludes that there are no facts or circumstances which would
19  require striking allegations from the second superseding indictment at this stage in the
20  proceedings.

21  Defendant's motions to strike surplusage from the Second Superseding
22  Indictment is denied.

23  3. <u>Motion to strike predicates</u>

24  Defendant moves to strike the nine state law predicates in Count One of the
25  Second Superseding Indictment on the grounds that the state statutory violations are
26  substantially broader than the generic definition of the crimes referenced in the RICO
27  statute.  Defendant contends that these state law violations cannot serve as predicate
28  acts for a RICO charge using analysis in *Taylor v. United States*, 495 U.S. 575 (1990).

The Government contends that Defendant's argument is foreclosed by the decision of the Court of Appeals in *United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004).[3]

In *Fernandez*, the Court of Appeals stated:

> We conclude, however, that the plain structure of the relevant RICO provisions establishes that Congress did intend sentences to be based on state law. Title 18 U.S.C. § 1961(1) provides that predicate racketeering acts include offenses under state law punishable by more than a year, and § 1963(a) provides that the maximum sentence for a RICO violation is life imprisonment "if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment." The RICO statute therefore contemplates that both the acts charged and the sentences imposed may vary according to the law of the state where the acts occurred. This situation is different from that presented in cases like *Ye v. INS*, 214 F.3d 1128, 1132 (9th Cir.2000), or *Taylor v. United States*, 495 U.S. 575, 590, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the cases cited by Fernandez, where courts were interpreting a particular term in a federal statute ("burglary") and rejected the contention that its meaning should be determined by state law. The RICO statute contains none of the ambiguities about whether to incorporate state law that were present in those cases, but instead clearly accepts the inevitable variation that results from incorporating state penalties into federal racketeering law.

*Id.* at 1258-59. This Court concludes that the *Taylor* analysis is not applicable to the state law predicates listed in the definition of "racketeering activity" in 18 U.S.C. § 1861.

Defendant's motion to strike predicates is denied.

4. Motion to dismiss Count One and Count Two as duplicitous

Defendant moves the Court for an order dismissing Count One and Count Two of the Second Superseding Indictment on the grounds of duplicity. Defendant contends that Count One improperly charges a "large, amorphous conspiracy, the objects of which are stunning in their breath." (ECF No. 1934 at 8). Defendant asserts that Count Two improperly combines conspiracies to distribute methamphetamine, marijuana, and cocaine in a single count.

Count One of the second superseding indictment charges that the named

---

[3]Defendant agrees that the "motion relies upon a legal principle that appears to be contrary to Ninth Circuit law." (ECF No. 1934 at 4).

Defendants knowingly and intentionally conspired together and with each other to conduct the affairs of a criminal enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The indictment alleges that all defendants belonged to a single criminal enterprise which "constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise." (ECF No. 1193 at 4). The Court concludes that Count One properly charges a single racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See United States v. Fernandez*, 388 F.3d 1199, 1226, fn 18 (9th Cir. 2004) ("The several conspiracies that were predicate acts for the substantive RICO violations of § 1962(c) were also evidence of the overall § 1962(d) conspiracy to violate RICO. What matters for a sufficiency of the evidence inquiry is that there was adequate proof of an overall conspiracy to participate, directly or indirectly, in the conduct [of the enterprise] through a pattern of racketeering activity.")

Count Two of the second superseding indictment charges that the named defendants knowingly conspired together beginning in November 2008 and continuing up to July 22, 2010 to distribute cocaine, marijuana, and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In reviewing an indictment for duplicity, the court "look[s] to the indictment itself to determine whether it may fairly be read to charge but one crime in each count." *United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986). The "task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993). To establish the existence of a single conspiracy, "the basic test is whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Arbelaez,* 719 F.2d 1453, 1457 (9th Cir. 1983) (quotation and citation omitted). Count Two of the Second Superseding Indictment properly charges a single conspiracy to distribute controlled substances in violation of §§ 841 and 846 with multiple objectives

of the conspiracy.

Defendant's motion to dismiss Count One and Count Two on the grounds of duplicity is denied.

5. <u>Motion to dismiss Count One on vagueness grounds</u>

Defendant moves to dismiss Count One on vagueness grounds. Defendant states that the "motion is contrary to Ninth Circuit law and is raised solely for appellate purposes." (ECF No. 1934 at 9).

In *United States v. Dischner*, 974 F.2d 1502 (9th Cir. 1992) *overruled on other grounds by United States v. Morales*, 108 F.3d 1035 n.1 (9th Cir. 1997) (en banc), the Court of Appeals stated: "Vagueness challenges to RICO have been uniformly rejected by this circuit and every other that has considered the issue." *Dischner*, 974 F.2d at 1508.  *Dischner* remains the law as to the facial challenge to the indictment on vagueness grounds.

Defendant's motion to dismiss Count One on vagueness grounds is denied.

6. <u>Motion to dismiss indictment on Fifth Amendment grounds</u>

Defendant moves the Court to dismiss the indictment based upon his claim that the indictment was returned by an unrepresentative cross-section of the community. Defendant incorporates the motion (ECF No. 887) filed by co-defendant Soria. This motion is denied for the reasons stated by the Court in the Order filed on November 2, 2011. (ECF No. 1024, pages 7-8). Defendant's motion to dismiss indictment on Fifth Amendment grounds is denied.

7. <u>Motion for specific discovery</u>

Defendant moves the Court to order the Government to produce "1) the substance of any 'oral statement' made by Mr. Villareal; 2) any 'written or recorded statement' by Mr. Villareal; 3) any 'item obtained or belonging' to Mr. Villareal; and 4) any 'item material to preparing' Mr. Villareal's defense." (ECF No. 1934 at 11). The Government stated that it has produced Rule 16 discovery and will continue to comply with its discovery and *Brady* obligations. The Court concludes that no orders

1  compelling specific discovery are necessary based upon the record before the Court.

2  Defendant's motion for specific discovery is denied.

3  8. <u>Motion for advance notice of phone calls to be used at trial</u>

4  9. <u>Motion for advance notice of witnesses to be called at trial</u>

5  Defendant moves the Court to require the Government to provide advance notice of the recorded phone calls the Government intends to introduce at trial and the witnesses the Government intends to call to "save time, resources and allow Counsel to provide effective representation." (ECF No. 1934 at 11). The Government contends that there is no legal authority requiring the Government to identify the specific evidence it actually intends to introduce at trial.

11 As stated at oral argument on May 20, 2013, the Court finds that an order is not required at this stage in the proceedings. The Court will hold a status hearing on September 9, 2013 at 2pm in Courtroom 14B regarding the exchange of trial materials.

14 10. <u>Motion for court review of presentence reports of potential witnesses</u>

15 The Government states that it will submit the presentence reports of the cooperating witnesses in this case for in camera review by this Court and will identify the portions of the presentence reports that the Government believes are discoverable.

18 Defendant's motion for court review of presentence reports of potential witnesses is denied as moot.

20 11. <u>Motion for leave to file further motions is denied without prejudice</u>.

**CONCLUSION**

IT IS HEREBY ORDERED that

1) Motion No. 1877 is denied as moot; and

2) Defendant Armando Villareal-Heredia motion (ECF No. 1934) is denied as follows: Defendant's motion to dismiss Count One for failure to allege necessary elements is denied. Defendant's motions to strike surplusage from the second superseding indictment is denied. Defendant's motion to strike predicates is denied. Defendant's motion to dismiss Count One and Count two on the grounds of duplicity

is denied. Defendant's motion to Dismiss Count One on vagueness grounds is denied. Defendant's motion to dismiss indictment on Fifth Amendment grounds is denied. Defendant's motion for specific discovery is denied. Defendant's motion for advance notice of phone calls to be used at trial and motion for advance notice of witnesses to be called at trial are denied without prejudice. Defendant's motion for court review of presentence reports of potential witnesses is denied as moot. Defendant's motion for leave to file further motions is denied without prejudice.

DATED: June 20, 2013

**WILLIAM Q. HAYES**
United States District Judge