# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>   v.<br>ARMANDO VILLAREAL HEREDIA (1),<br><br>                       Defendant. | 10cr3044WQH<br>14cv2972WQH<br><br>**ORDER** |

HAYES, Judge:

This matter before the court is the motion pursuant to 28 U.S.C. § 2255 (ECF No. 2171) filed by the Defendant.

On September 27, 2013, Defendant pled guilty to Count 1 (RICO conspiracy and Count 2 (conspiracy to distribute methamphetamine) of the Second Superseding Indictment. (ECF No. 2040). The guilty plea was entered pursuant to a written plea agreement between the Defendant and the Government. (ECF No. 2041).

On December 16, 2013, the Court entered a judgment sentencing the Defendant to be imprisoned for a term of 360 months on each count of conviction and ordered the sentenced to be served concurrently.

On December 16, 2014, Petitioner, represented by counsel,[1] filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleged that he received ineffective assistance of counsel on the grounds that (1) trial counsel

---

[1] Defendant's motion requesting appointment of counsel (ECF No. 2199) is denied.

- 1 -

1  failed to correct his true name in court pleadings; (2) trial counsel failed to object to
2  the application of a four-level upward adjustment pursuant to U.S.S.G. § 2A1.5(b)(1)
3  for a monetary payment in connection with the commission of murder; and (3) trial
4  counsel failed to obtain sentencing credits for time he spent in pretrial custody in
5  Mexico awaiting extradition to the United States on the charges in this case. Defendant
6  further moves the court to resentence him under the United States Sentencing
7  Guidelines effective November 1, 2014.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 69.

## RULING OF THE COURT

**Petitioner's true name**

Defendant contends that his true name is "AMANDO VILLAREAL HEREDIA" not "ARMANDO VILLAREAL HEREDIA." Defendant contends that his counsel was ineffective in that counsel failed to correct this error.

The record establishes that counsel for the Defendant filed an Objection to the Presentence Report stating in relevant part: "Mr. Villarreal's correct full name is: Amando Villarreal-Heredia." (ECF No. 2052 at 1). An addendum to the presentence report states "The defendant clarifies that his true name is Amando Villarreal-Heredia." (ECF No. 2062). At the sentencing hearing, the court recognized the objection and the correction. (ECF No. 2204-2 at 5). Defendant counsel filed an objection which the court noted. The representation of defense counsel did not fall below any objective standard of reasonableness.

However, the Judgment did not reflect the change in the addendum. The Clerk of the Court shall correct the Defendant's name in the record of the case and enter a second amended judgment stating Defendant's name as "AMANDO VILLAREAL HEREDIA."[2] All other aspects of the Amended Judgment dated February 25, 2014 (ECF No. 2106) shall remain in effect.

**U.S.S.G. § 2A1.5(b)(1)**

Defendant contends that he was assessed a four level enhancement pursuant to U.S.S.G. § 2A1.5(b)(1) as a result of his counsel's failure to provide effective assistance. The Government asserts that Defendant was not assessed an enhancement pursuant to § 2A1.5(b)(1) and that the Court imposed the sentence recommended by the parties.

In this case, the presentence report recommended a four level upward enhancement pursuant to U.S.S.G. § 2A1.5(b)(1) for an offense involving "the offer or receipt of anything of pecuniary value for undertaking [] murder." U.S.S.G. §

---

[2] Defendant's motion to correct clerical mistake (ECF No. 2174) is denied as moot.

1  2A1.5(b)(1)  At the sentencing hearing, the Court stated:

> With respect to the Advisory Sentencing Guidelines, the Court does find with respect to the methamphetamine importation distribution conspiracy that the base offense level is a 38 pursuant to Section 2D1.1(c)(1). Importation of methamphetamine, plus two pursuant to Section 2D1.1(b)(5).
> There is a plus four for role, aggravated role, pursuant to Section 3B1.1(a). The adjusted offense level is 44. And then under the murder conspiracy I, it starts at a 33, pursuant to Section 2A1.5, plus four for the role, pursuant to Section 3B1.1(a), which is an adjusted offense level 37. That results in the base offense level of 44. It scores half a point.
> There is a three-level reduction for acceptance of responsibility. Total offense level is 41. . . . that places him in a Criminal History Category 1. The guideline range of 324 to 405 months.

(ECF No. 2204-2 at 121-13). The Court did not impose a four level enhancement pursuant to U.S.S.G. § 2A1.5(b)(1). The court did impose a four level enhancement for aggravating role pursuant to U.S.S.G. § 3B1.1. This role enhancement was agreed to in the plea agreement and well supported by the factual admissions in the plea agreement. There are no grounds to support a claim that defense counsel failed to provide effective assistance at any stage in the plea or sentencing process.

Pretrial custody in Mexico

Defendant asserts that his counsel was ineffective on the grounds that he has not been given credit for his incarceration in Mexico prior to his extradition to the United States. The Government asserts that defense counsel made the request for credit for custodial time in Mexico at sentencing.

The record establishes that defense counsel requested and the court directed that Defendant "receive full credit for all the time he spent in Mexico." (ECF No. 22-4-2 at 18). The Amended Judgment states "Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 360 months as to each count concurrently. *Defendant shall receive full credit for time served in Mexico*." (ECF No. 2106). There are no grounds to support a claim that defense counsel failed to provide effective assistance.

In order to challenge his sentence on the grounds of computation of credit for time served, Defendant must pursue his administrative remedies through the prison

system. *United States v. Martinez*, 837 F.2d 861,865-66 (9th Cir. 1988) ("It is the administrative responsibility of the Attorney General, then Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." (internal quotations and citation omitted)).

Amendment 782

Defendant requests resentencing under the United States Sentencing Guidelines as amended on November 1, 2014. Defendant contends that his base offense level of 38 at the time of sentencing was based upon distribution of more than 1.5 kilograms of actual methamphetamine. Defendant contends that the new amendments to the United States Sentencing Guidelines result in a base offense level of 36 for an offense level involving 1.5 kilograms of actual methamphetamine.

The Government opposes any reduction in Defendant's sentence pursuant to the November 1, 2014 amendments to the United States Sentencing Guidelines. The Government contends that the base offense level remains at 38 under the 2014 amendments to the Sentencing Guidelines. The Government further asserts that the Court should exercise its discretion and deny any reduction in this case, even if the 2014 amendment changed the applicable base offense level.

In the Plea Agreement the admitted factual basis provided in part:

> Given his personal participation in the affairs of the FSO, defendant Armando Villareal Heredia knew that members of the FSO would, during the time frame of the above-noted conspiracy, import and distribute more than 1.5 kilograms of actual methamphetamine. . . .
>
> Defendant Armando Villareal Heredia acted as an organizer and leader in the charged RICO conspiracy, an offense which involved more than five participants. Defendant Armando Villareal Heredia also acted as an organizer and leader in the charged methamphetamine importation and distribution conspiracy, an offense which involved five or more participants.

(ECF No. 2041 at 7). The stipulated facts in the plea agreement state that Defendant was the "an organizer and leader" in a conspiracy involving more than five participants and the uncontested facts in the pre sentence report established that "[d]uring the course of the investigation, agents seized at least 100 pounds of methamphetamine,

- 5 -

| | |
|---|---|
|1| 2,765 pounds of cocaine, 40,300 pounds of marijuana and more than one dozen |
|2| firearms." (ECF No. 2014 at 7; ECF No. 2048 at 9). |

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels. The Amended Guidelines require that a base offense level of 38 requires an offense involving 45 kilograms or more of methamphetamine or 4.5 kilograms of actual methamphetamine. In this case, the uncontested drug quantities seized during the narcotics distribution conspiracy for which Defendant acted as an organizer and a leader involved "at least 100 pounds of methamphetamine" which is more than 45 kilograms of methamphetamine. The Court concludes that the base offense level under the uncontested drug quantities seized during the narcotics distribution conspiracy for which Defendant acted as an organizer and a leader remains a level 38. The Court concludes that Defendant is not entitled to resentencing under Amendment 782.

## CONCLUSION

IT IS HEREBY ORDERED that motion pursuant to 28 U.S.C. § 2255 (ECF No. 2171) on the grounds of ineffective assistance of counsel filed by the Defendant is denied; Defendant's motion requesting appointment of counsel (ECF No. 2199) is denied; and Defendant's motion to correct clerical mistake (ECF No. 2174) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall correct the Defendant's name in the record of the case and enter a second amended judgment correcting defendant's name as "AMANDO VILLAREAL HEREDIA." All other aspects of the Amended Judgment dated February 25, 2014 shall remain in effect.

DATED: December 28, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge