# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> AMANDO VILLARREAL HEREDIA (1), <br> Defendant. | 10cr3044WQH <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the order denying Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) on remand from the United States Court of Appeals for the Ninth Circuit. (ECF No. 2396).

## FACTUAL BACKGROUND

On March 12, 2018, the United States Court of Appeals for the Ninth Circuit remanded this case for the Court to "reconsider its quantity determination in light of *Mercado-Moreno* [and] determine whether it is more likely than not that Heredia is responsible for the new quantity threshold of 4.5 kilograms of actual methamphetamine or 45 kilograms of methamphetamine mixture . . . and assess Heredia's eligibility for a sentencing reduction accordingly." (ECF No. 2396). The Court ordered further briefing. (ECF No. 2395).

On April 4, 2018, Plaintiff United States filed a supplemental response in opposition to Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Plaintiff United States asserts that the facts admitted by the Defendant in

- 1 -

the plea agreement and the uncontested facts in the Presentence Report establish that Defendant exercised direct control and supervision over the entirety of the drug distribution of the RICO conspiracy and narcotics distribution conspiracy charged by the grand jury in this case. Plaintiff United States contends that the conspiracy was responsible for more than 45 kilograms of methamphetamine mixture and Defendant is not eligible for a sentence reduction under Amendment 782.

On June 27, 2018, Defendant filed a reply to the Government's supplemental response in opposition to Defendant's motion to reduction of sentence under 18 U.S.C. § 3582(c)(2). Defendant asserts that the application of more than "1.5 kilograms of actual methamphetamine" in his case undermine the purpose of the plea bargaining. (Plea Agreement, ECF No. 2041 at 7.).

## RULING OF THE COURT

Defendant agreed in the factual basis of his plea agreement that he "acted as an organizer and leader in the charged methamphetamine importation and distribution conspiracy, an offense which involved five or more participants." (ECF No. 2041 at 7). Defendant agreed that he "knew that members of the FSO would, during the time frame of the above-noted conspiracy, import and distribute more than 1.5 kilograms of actual methamphetamine." *Id.* At the time of the sentencing in this case, the Guidelines required only a finding of 1.5 kilograms of actual methamphetamine to trigger the maximum base offense level.

At sentencing, the Court made the following findings,

With respect to the Advisory Sentencing Guidelines, the Court does find with respect to the methamphetamine importation distribution conspiracy that the base offense level is a 38 pursuant to Section 2D1.1(c)(1). Importation of methamphetamine, plus two, pursuant to Section 2D1.1(b)(5).

There is a plus four for the role, aggravated role, pursuant to Section 3B1.1(a). The adjusted offense level is 44. And then under the murder conspiracy, it starts at a 33, pursuant to Section 2A1.5, plus four for the role, pursuant to Section 3B1.1(a), which is an adjusted offense level 37. That results in the base offense level of 44. It only scores half a point.

There is a three-level reduction for acceptance of responsibility. Total offense level is 41. Mr. Villareal has one criminal history point from a

- 2 -

> Health and Safety Code conviction in 1999 at the time he was 21.
>
> . . . -- that places him in a Criminal History Category 1. The guideline range is 324 to 405 months.
>
> Under the 3553 factors, the nature and circumstances of the offense are aggravated. It is really hard to come up with a situation, a drug case, that can be more aggravated than this one. Certainly this is a gentleman whose role was significant. He was a leader or organizer. He qualified – clearly qualifies for an aggravated role.
>
> In addition to significant amounts of dangerous narcotics, the defendant was involved in a conspiracy to commit murder. It is hard to imagine what is worse than using violence to engage and further the activities of a significant drug trafficking organization.
>
> It does appear certainly from the presentence report that this is an individual who's been involved in the drug business for an extended period of time. He's approximately 35 years of age. There is really not even a real suggestion in the presentence report that he's been involved in any legal employment, other than the drug business -- any legal employment at all, really in his life.
>
> And it does appear that his life really had been dedicated to furthering the activities of this drug conspiracy or others. He's been involved in it basically, it looks like, his whole life, and it has been a significant amount of drugs have been distributed, and they've used threats of violence and actual violence in order to further the ends of the drug trafficking organization.
>
> So it is hard to come up with anything that is a case that would be more aggravated than this, and certainly this – Mr. Heredia's role is a significant one, and that is why he qualifies for the aggravated role adjustment . . . , he is here because of his participation in a massive drug conspiracy that was violent.
>
> The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, as the parties have indicated -- both lawyers have indicated that they have -- they are recommending a sentence of 360 months in custody, which is a significant sentence by anybody's definition. It is a recommendation that I'll follow. I think it is a reasonable one.

(ECF No. 2177 at 13-14). The Court entered judgment imposing a term of imprisonment of 360 months on the RICO conspiracy count and the narcotics distribution count to be served concurrently in addition to a 5 year term of supervised release on each count. (ECF No. 2068).

On December 28, 2015, this Court entered an order denying Defendant's request for resentencing under Amendment 782 to the United States Sentencing Guidelines. The order stated,

> Defendant requests resentencing under the United States Sentencing Guidelines as amended on November 1, 2014. Defendant contends that his base offense level of 38 at the time of sentencing was based upon distribution of more than 1.5 kilograms of actual methamphetamine. Defendant contends that the new amendments to the United States Sentencing Guidelines result in a base offense level of 36 for an offense level involving 1.5 kilograms of actual methamphetamine.
>
> The Government opposes any reduction in Defendant's sentence pursuant to the November 1, 2014 amendments to the United States Sentencing Guidelines. The Government contends that the base offense level remains at 38 under the 2014 amendments to the Sentencing Guidelines. The Government further asserts that the Court should exercise its discretion and deny any reduction in this case, even if the 2014 amendment changed the applicable base offense level.
>
> In the Plea Agreement the admitted factual basis provided in part:
>
>> Given his personal participation in the affairs of the FSO, defendant Armando Villareal Heredia knew that members of the FSO would, during the time frame of the above-noted conspiracy, import and distribute more than 1.5 kilograms of actual methamphetamine. . . .
>>
>> Defendant Armando Villareal Heredia acted as an organizer and leader in the charged RICO conspiracy, an offense which involved more than five participants. Defendant Armando Villareal Heredia also acted as an organizer and leader in the charged methamphetamine importation and distribution conspiracy, an offense which involved five or more participants.
>
> (ECF No. 2041 at 7). The stipulated facts in the plea agreement state that Defendant was the "an organizer and leader" in a conspiracy involving more than five participants and the uncontested facts in the pre sentence report established that "[d]uring the course of the investigation, agents seized at least 100 pounds of methamphetamine, 2,765 pounds of cocaine, 40,300 pounds of marijuana and more than one dozen firearms." (ECF No. 2014 at 7; ECF No. 2048 at 9).
>
> Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels. The Amended Guidelines require that a base offense level of 38 requires an offense involving 45 kilograms or more of methamphetamine or 4.5 kilograms of actual methamphetamine. In this case, the uncontested drug quantities seized during the narcotics distribution conspiracy for which Defendant acted as an organizer and a leader involved "at least 100 pounds of methamphetamine" which is more than 45 kilograms of methamphetamine. The Court concludes that the base offense level under the uncontested drug quantities seized during the narcotics distribution conspiracy for which Defendant acted as an organizer and a leader remains a level 38. The Court concludes that Defendant is not entitled to resentencing under Amendment 782.

ECF No. 2264 at 5-6.

In remanding this case, the Court of Appeals stated:

> Heredia contends that he is eligible for a sentence reduction under Amendment 782, which increased the quantity of actual methamphetamine required to trigger the maximum base offense level from 1.5 kilograms to 4.5 kilograms. See U.S.S.G. § 2D1.1(c)(1) (2014). He argues that he no longer qualifies for the maximum level because he admitted to conspiring to distribute only 1.5 kilograms. Contrary to this contention, the plea agreement reflects that Heredia admitted to conspiring to distribute "more than 1.5 kilograms of actual methamphetamine." The district court did not need to, and did not, make a more specific quantity determination at sentencing. Under these circumstances, the district court properly attempted to determine the total drug quantity attributable to Heredia in order to determine his eligibility for a sentence reduction. See *United States v. Mercado-Moreno,* 869 F.3d 942, 957-58 (9th Cir. 2017).

*Id.* In *United States v. Mercado-Moreno*, 869 F.3d 942 (9th Cir. 2017), the Court of Appeals held that "a district court in § 3582(c)(2) proceedings may make supplemental findings of drug quantity if they are necessary to determine the defendant's eligibility for a sentence reduction in light of a retroactive Guidelines amendment." *Id.* at 953-954. The Court of Appeals stated, "In those cases where a sentencing court's quantity finding is ambiguous or incomplete, a district court may need to identify the quantity attributable to the defendant with more precision to compare it against the revised drug quantity threshold under the relevant Guidelines amendment. . . .[D]istrict courts in § 3582(c)(2) proceedings may make additional findings on the drug quantity attributable to a defendant if those findings are necessary to determine the defendant's eligibility for a sentence reduction. Such findings must be supported by the record and cannot contradict any findings made by the original sentencing court." *Id.* at 954-55.

Having fully considered the facts admitted by the Defendant in the Plea Agreement and the uncontested fact in the Presentence Report, the Court makes the supplemental finding that Defendant exercised direct control and supervision over the entirety of the drug distribution of the RICO conspiracy and narcotics distribution conspiracy charged by the grand jury in this case and that the Defendant was responsible for more that 45 kilograms of methamphetamine mixture. The stipulated facts in the plea agreement state that Defendant was the "an organizer and leader" in a conspiracy involving more than five participants and the uncontested facts in the pre

sentence report established that "[d]uring the course of the investigation, agents seized at least 100 pounds of methamphetamine, 2,765 pounds of cocaine, 40,300 pounds of marijuana and more than one dozen firearms." (ECF No. 2014 at 7; ECF No. 2048 at 9). This is relevant conduct that must be considered in determining whether Defendant is eligible for a sentencing reduction in light of Amendment 782. The Court finds that Defendant personally "counseled, commanded, induced, procured, or willfully caused" the distribution of more that 45 kilograms of methamphetamine mixture during the course of the conspiracy. U.S.S.G. § 1B1.3, cmt. n.2 (2014). This finding is necessary for this Court to determine whether Defendant is entitled to a sentence reduction under Amendment 782 of the Sentencing Guidelines and does not contradict any findings made by this Court in the sentencing hearing.[1]

Based upon the supplemental finding, the Court concludes that Defendant is not eligible for a sentence reduction under Amendment 782. Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is denied.

DATED: August 7, 2018

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Even if Amendment 782 resulted in a change to the applicable base offense level, the Court would exercise its discretion to not lower the Defendant's sentence based upon the Defendant's aggravated role in the offenses stated at the time of sentencing. (ECF No. 2177 at 13-14).