UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ARMANDO       VILLAREAL-HEREDIA (1),<br><br>                              Defendant. | Case No.:  10cr3044 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion for compassionate release and other equitable relief in the nature of a motion to reopen final judgment pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (ECF No. 2484) filed by the Defendant.

### FACTS

On December 17, 2013, the Court entered judgment imposing a term of imprisonment of 360 months for conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and a term of imprisonment of 360 months for the narcotics distribution with the counts to be served concurrently.  (ECF No. 2069).

On December 28, 2015, the Court entered an Order denying Defendant's habeas claims, as well as his request for resentencing under Amendment 782 to the United States Sentencing Guidelines.   Defendant appealed the denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(2).   The Court of Appeals for the Ninth Circuit remanded, directing the district court to "reconsider its quantity determination in light of *United States v. Mercado-Moreno*, 869 F.3d 942 (9th Cir. 2017), which was decided after the district court's decision [to deny Defendant's motion for a sentence reduction]."   ECF No. 2396 at 3.

On August 7, 2018, the Court entered an order denying the motion for a two-level sentence reduction under 18 U.S.C. § 3582(c)(2).   The Court determined that Defendant Heredia was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on admissions in the plea agreement, and the uncontested facts in the PSR.   The Court stated:

> Having fully considered the facts admitted by the Defendant in the Plea Agreement and the uncontested fact in the Presentence Report, the Court makes the supplemental finding that Defendant exercised direct control and supervision over the entirety of the drug distribution of the RICO conspiracy and narcotics distribution conspiracy charged by the grand jury in this case and that the Defendant was responsible for more than 45 kilograms of methamphetamine mixture. The stipulated facts in the plea agreement state that Defendant was the "an organizer and leader" in a conspiracy involving more than five participants and the uncontested facts in the pre sentence report established that "[d]uring the course of the investigation, agents seized at least 100 pounds of methamphetamine, 2,765 pounds of cocaine, 40,300 pounds of marijuana and more than one dozen firearms." (ECF No. 2014 at 7; ECF No. 2048 at 9). This is relevant conduct that must be considered in determining whether Defendant is eligible for a sentencing reduction in light of Amendment 782. The Court finds that Defendant personally "counseled, commanded, induced, procured, or willfully caused" the distribution of more than 45 kilograms of methamphetamine mixture during the course of the conspiracy. U.S.S.G. § 1B1.3, cmt. n.2 (2014).

ECF No. 2420 at 5-6.  The Order was affirmed on appellate review.  ECF No. 2437.

On July 30, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court reopen his prior habeas proceedings and modify his sentence.   Defendant asserts that the COVID-19 pandemic presents a compelling reason to reduce his sentence in light of his issues with hypertension and heart disease.   Defendant further requests that the Court reopen the prior habeas proceedings seeking the two level sentence reduction under Amendment 782.   Defendant contends that he has no violence in his criminal history and presents no threat to the safety of the community.   Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction.   Plaintiff United States further asserts that §3553(a) factors weigh against Defendant's release based upon the seriousness of his offense.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

The court may not modify a term of imprisonment once it has been imposed except that--
(1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

1    In this case, Defendant was sentenced to 360 months in the custody of the Bureau of

2  Prisons after entering a plea of guilty to RICO conspiracy and narcotics distribution.  Prior

3  to the imposition of sentence, the Court stated:

> Under the 3553 factors, the nature and circumstances of the offense are aggravated. It is really hard to come up with a situation, a drug case, that can be more aggravated than this one. Certainly this is a gentleman whose role was significant. He was a leader or organizer. He qualified – clearly qualifies for an aggravated role.
>
> In addition to significant amounts of dangerous narcotics, the defendant was involved in a conspiracy to commit murder. It is hard to imagine what is worse than using violence to engage and further the activities of a significant drug trafficking organization.
>
> It does appear certainly from the presentence report that this is an individual who's been involved in the drug business for an extended period of time. He's approximately 35 years of age. There is really not even a real suggestion in the presentence report that he's been involved in any legal  employment, other than the drug business -- any legal employment at all, really in his life.
>
> And it does appear that his life really had been dedicated to furthering the activities of this drug conspiracy or others. He's been involved in it basically, it looks like, his whole life, and it has been a significant amount of drugs have been distributed, and they've used threats of violence and actual violence in order to further the ends of the drug trafficking organization.
>
> So it is hard to come up with anything that is a case that would be more aggravated than this, and certainly this – Mr. Heredia's role is a significant one, and that is why he qualifies for the aggravated role adjustment . . . , he is here because of his participation in a massive drug conspiracy that was violent.
>
> The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, as the parties have indicated -- both lawyers have indicated that they have -- they are recommending a sentence of 360 months in custody, which is a significant sentence by anybody's definition. It is a recommendation that I'll follow. I think it is a reasonable one.

(ECF No. 2177 at 13-14).  The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

Defendant does not present evidence to support a medical condition or other circumstance that would serve as "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the seriousness of his offense.  This Court determined that Defendant was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on admissions in the plea agreement, and the uncontested facts in the PSR.  ECF No. 2420.  This order was affirmed on appellate review.  ECF No. 2437.  This Court has no further authority to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2).

IT IS HEREBY ORDERED that the motion for compassionate release and other equitable relief in the nature of a motion to reopen final judgment pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (ECF No. 2484) is denied.

Dated:  October 1, 2020

Hon. William Q. Hayes
United States District Court

10cr3044 WQH