UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>ARMANDO VILLAREAL-HEREDIA (1),<br><br>              Defendant. | Case No.:  10cr3044 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A) filed by the Defendant (ECF No. 2581).

**FACTS**

On October 2, 2020, the Court denied Defendant's motion for compassionate release. The Court concluded

> In this case, Defendant was sentenced to 360 months in the custody of the Bureau of Prisons after entering a plea of guilty to RICO conspiracy and narcotics distribution. Prior to the imposition of sentence, the Court stated:
>
>> Under the 3553 factors, the nature and circumstances of the offense are aggravated. It is really hard to come up with a situation, a drug case, that can be more aggravated than this one. Certainly this is a gentleman whose role was significant. He was

>a leader or organizer. He qualified – clearly qualifies for an aggravated role.
>
>In addition to significant amounts of dangerous narcotics, the defendant was involved in a conspiracy to commit murder. It is hard to imagine what is worse than using violence to engage and further the activities of a significant drug trafficking organization.
>
>It does appear certainly from the presentence report that this is an individual who's been involved in the drug business for an extended period of time. He's approximately 35 years of age. There is really not even a real suggestion in the presentence report that he's been involved in any legal employment, other than the drug business -- any legal employment at all, really in his life.
>
>And it does appear that his life really had been dedicated to furthering the activities of this drug conspiracy or others. He's been involved in it basically, it looks like, his whole life, and it has been a significant amount of drugs have been distributed, and they've used threats of violence and actual violence in order to further the ends of the drug trafficking organization.
>
>So it is hard to come up with anything that is a case that would be more aggravated than this, and certainly this – Mr. Heredia's role is a significant one, and that is why he qualifies for the aggravated role adjustment . . . , he is here because of his participation in a massive drug conspiracy that was violent.
>
>The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, as the parties have indicated -- both lawyers have indicated that they have -- they are recommending a sentence of 360 months in custody, which is a significant sentence by anybody's definition. It is a recommendation that I'll follow. I think it is a reasonable one.

(ECF No. 2177 at 13-14). The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

Defendant does not present evidence to support a medical condition or other circumstance that would serve as "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a)

that would support a reduction in the sentence imposed taking into account the seriousness of his offense. This Court determined that Defendant was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on admissions in the plea agreement, and the uncontested facts in the PSR. ECF No. 2420. This order was affirmed on appellate review. ECF No. 2437. This Court has no further authority to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2).

ECF No. 2506. Defendant moved for reconsideration on the grounds that his high blood pressure and hypertension support his motion for compassionate relief in light of the coronavirus and his open dormitory styled living environment. On January 11, 2021, this Court denied Defendant's motion for reconsideration. (ECF No. 2517).

On January 19, 2021, Defendant filed an emergency request for judgment on motion to reconsider the motion for compassionate release (ECF No. 2522). On January 25, 2021, this Court denied the emergency motion for judgment on motion for reconsideration of compassionate relief. Defendant filed a notice of appeal in the Court of Appeals for the Ninth Circuit. On July 16, 2021, the Court of Appeals affirmed.

On December 6, 2021, Defendant filed a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A). Defendant asserts that his medical condition, the COVID-19 pandemic, and the need to care for his ailing mother constitute extraordinary and compelling reasons for his release. Defendant asserts that his extraordinary rehabilitation supports his release.

Plaintiff United States asserts that Defendant has not exhausted his administrative remedies as required for the Court to consider the motion for compassionate release. The government further asserts that the Bureau of Prisons has taken measures to contain the virus and that Defendant's medical condition and family circumstances do not support his release under §3582.

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). A narrow exception in § 3582(c)(1)(A) provides for a reduction in a final sentence when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1). A district court may consider a motion for a sentence reduction directly from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thereafter, upon considering the applicable factors set forth in 18 U.S.C. § 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

"Section 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Defendant states in his motion that he "submitted a request for compassionate release to the warden on November 2021." ECF No. 2581 at 3. The government states in response that Bureau of Prison records show that Defendant has not initiated any request for administrative release since the denial of his July 30, 2020 motion. Defendant states in his reply that he "did exhaust his administrative remedies." ECF No. 2588 at 2.

The government has properly raised the exhaustion requirement. There is no evidence in the record to support a request t6o the Bureau of Prisons subsequent to the denial of relief on October 2, 2020. Defendant has not demonstrated that the exhaustion requirement of §3852(c)(1)(A) have been met. The Court lacks jurisdiction to address the merits of the motion for reduction under the First Step Act.

IT IS HEREBY ORDERED that the motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A) (ECF No. 2581) is denied without prejudice.

Dated: February 28, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court